FABIÁN, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Renunciation of Rights and Interests.

No. 341.—Decided November 30, 1917.

DIVORCE—GANANCIAL PROPERTY.—On the dissolution of the marriage bond by a decree of divorce, each of the parties to the marriage becomes immediately entitled to one-half of all the ganancial property in existence.

ID.—RENUNCIATION OF RIGHTS—WAIVER OF PRESUMPTION.—When after the dissolution of the marriage bond by a decree of divorce the parties enter into a contract renouncing all their rights in the conjugal partnership and agreeing that any property recorded in the registry in the name of either of them shall be considered the separate property of the one in whose name it is recorded, such contract is a mutual cession of the rights of each party to or in any property recorded in the name of the other, and, therefore, upon presentation in the registry by either of the parties of a deed of sale previously recorded in the name of the party presenting it, for admission to record of the property therein described as belonging exclusively to him, the said deed should be recorded, whether regarded as a surrender of rights or a waiver of the presumption that the property was ganancial property.

ID.—UNIVERSAL TITLE.—While historically the words "universal title," employed in article 21 of the Mortgage Law, apply to an inheritance, still the rights that a husband has as a usufructuary have generally been considered as a universal title and it is not stretching the meaning of words to say that the title acquired by each of the spouses on a dissolution of marriage is universal.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent appeared by brief *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of San Juan, on the 16th day of May, 1916, a judgment was rendered dissolving the bonds of matrimony between Rafael Fabián and Josefina Finlay.

A copy of this judgment was presented to the registrar in this case.

After judgment rendered, the said Rafael Fabián and Josefina Finlay, represented by their respective attorneys in fact, appeared before a notary in New York and executed the contract to which is appended the note of the registrar refusing record.

The contract was a plenary, mutual renunciation of rights

in the conjugal partnership that had existed between them, and agreeing and declaring that any property appearing in the registry in the name of either spouse should be and be considered the exclusive and separate property of the spouse in whose name the property was so recorded.

Along with this deed of renunciation and agreement the appellant, Rafael Fabián, presented a deed to himself, previously recorded, and prayed that the property therein described be recorded as his own exclusive property. The note of the registrar follows:

"The foregoing instrument is denied admission to record as to a property containing 50,398.41 square meters, situated in the southern section of the ward of Santurce, San Juan, after examining the decree of divorce and other documents, because in this document the properties referred to therein are not described, the description of said property made in an attached document not being sufficient for the purpose, this being a modern document; and as to a parcel of land containing 1,000 square meters it is also hereby denied admission to record, because it was segregated from the aforesaid prop erty and is recorded in the name of a person other than the contracting parties,  *  *  *."

We agree with the appellant that the registrar should express his reasons a little more amply.

There seems to be no provision of the Mortgage Law which by its express terms covers this case. Our Civil Code, however, recognized it in section 163.

On the dissolution of the marriage bond on May 16, 1916, each of the parties became immediately entitled to one-half of any ganancial property that was in existence.

The contract in the present case is a mutual cession of rights of one party in any property recorded in the name of the other.

Josefina Finlay, by the divorce decree, became invested with an immediate right to an individual one-half interest in any ganancial property. She made a general cession of the same whenever the property was recorded in the name of

Rafael Fabián, and she necessarily waived the presumption of its being ganancial that existed in her favor. Whether regarded as a surrender of rights or a waiver of presumption, either act was entitled to record if the registrar was wrong in requiring a specific description of the property.

Much has been written on the nature of the right of a husband or wife while the society endures, but we are satisfied that on its dissolution by death or divorce some real right devolves upon either spouse, transmitted in this case by virtue of the divorce decree.

Section 21 of the Mortgage Law provides:

"Public instruments embodying acts of contracts subject to record must state at least all the details which the record must contain under the penalty of nullity, relating to the persons or the parties thereto, the estates and the recorded interests.

"The owners of real property or property rights acquired under any universal or singular title which does not set forth and describe them individually, may obtain their record upon presentation of such title with the document, when necessary or proper, establishing the fact that they had been conveyed to them and establishing by any other authentic document that it includes the property which they seek to have recorded."

While historically the words "universal title" apply to an inheritance, yet in their literal meaning they are capable of an extension. The rights that a husband has as a usufructuary have generally been considered as a universal title, and we do not think it is stretching the meaning of words to say that the title acquired by each of the spouses on a dissolution of marriage is universal. It applies to every piece of property that belonged to the partnership. So, also, was the transfer or renunciation from Josefina Finlay to Rafael Fabián universal, or, at least, universal to all property recorded in the name of said Rafael Fabián. Strength is added to this view by section 1247 of the Civil Code, which treats hereditary rights and marital rights similarly, as follows:

"Sec. 1247.—The following must appear in a public document:

\*         \*         \*         \*         \*         \*         \*

"4. The assignment, repudiation, and renunciation of hereditary rights or of those of the conjugal partnership."

\*         \*         \*         \*         \*         \*         \*

Any doubt we have should be resolved in favor of the appellant. The parties are identified. The property is completely identified. There is no possibility of harm to a third person. A complete estoppel exists against Josefina Finlay, her heir or assigns.

The note must be reversed and the record made.

*Reversed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.